Tommy R. TRENT, Plaintiff–Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of Social Security, Defendant–Appellee.

No. 00–16627.

D.C. No. CV–99–00363–PMP.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 **.

Decided Nov. 13, 2001.

Appeal from the United States District Court for the District of Nevada Philip M. Pro, District Judge, Presiding.

Before KLEINFELD, McKEOWN, and FISHER, Circuit Judges.

MEMORANDUM ***

Tommy R. Trent appeals the district court's summary judgment affirming the decision of the Commissioner of Social Security denying his application for disability insurance benefits under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the

---

* Larry G. Massanari is substituted for Kenneth S. Apfel as Commissioner of the Social Security Administration pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Ac-

cordingly, Trent's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

district court's decision and must uphold the Commissioner's decision if it is supported by substantial evidence and free of legal error. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). We affirm.

Trent's argument that the ALJ's negative credibility determination concerning his pain and symptoms testimony is not supported by clear and convincing reasons is not persuasive because the ALJ pointed to evidence in the record supporting his findings. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995); *Fair v. Bowen,* 885 F.2d 597, 604 (9th Cir.1989).

■ Because Trent's treating physician's supplemental evidence was based on Trent's subjective complaints of ankle pain and stiffness, which the ALJ already properly discounted, the ALJ properly rejected Dr. Daly's opinion. *See Fair v. Bowen,* 885 F.2d at 605.

■ The Montana State Agency Residual Functional Capacity Assessment form, indicating that Trent can occasionally lift 50 pounds and frequently lift or carry 25 pounds, *see* 20 C.F.R. 404.1567(c), constitutes substantial evidence to support the ALJ's finding that Trent retained the residual functional capacity to perform medium work. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)

Although the ALJ found that Trent is unable to return to his past relevant work as a carpet installer, the ALJ properly found that Trent is capable of performing his past relevant work as a maintenance man, retail pricer, and carpet repairer. *See* 20 C.F.R. § 404.1520(e) (providing that if a claimant can perform past relevant

work, the ALJ must find the claimant "not disabled").

AFFIRMED.